UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK, As Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2007-OH1, Mortgage Pass-Through Certificates, Series 2007-OH1,<br>    Plaintiff,<br><br>v.<br><br>KEYIN T. WORTH<br>    Defendant. | No. 3:13-cv-1489 (MPS) |

**MEMORANDUM OF DECISION ON MOTIONS TO STAY**

The Court assumes the parties' familiarity with the underlying factual record and briefing for purposes of this decision, and offers only a brief recitation of the recent procedural history. On April 8, 2015, the Court held an evidentiary hearing on BNYM's Motion for Judgment of Strict Foreclosure. It then granted BNYM's motion, determined the amount of debt, set law days, and made a finding that the ruling was a final judgment immediately appealable under Federal Rule of Civil Procedure 54(b). (ECF No. 77.) The Court also allowed the parties to submit briefs on whether the judgment of strict foreclosure would be subject to a stay. Ms. Worth has filed two Motions to Stay (ECF Nos. 76, 80), a memorandum in support (ECF No. 85), a Motion for a New Trial under Rule 59 of the Federal Rules of Civil Procedure (ECF No. 82), and two notices of appeal. (ECF Nos. 74, 83.) BNYM has not submitted any briefing on the stay issue.

For the reasons below, Ms. Worth's Motions to Stay are DENIED under Rule 62 of the Federal Rules of Civil Procedure, as is her Motion for a New Trial. To ensure that Ms. Worth has an opportunity to obtain appellate review of the Court's rulings, the Court shall nonetheless issue an interim stay in effect until **May 4, 2015**. If by **May 4, 2015**, Ms. Worth moves for a

1

stay at the Second Circuit under Rule 8 of the Federal Rules of Appellate Procedure, this Court's interim stay shall remain in effect until the Second Circuit's disposition of her motion.

**I.    Discussion**

Ms. Worth argues that this Court should stay the judgment of strict foreclosure under Rule 62(b) of the Federal Rules of Civil Procedure and only briefly mentions a stay under Rules 62(c), 62(d), and 62(f).  Nonetheless, construing her arguments liberally, as is required for *pro se* litigants, the Court will address whether a stay would be appropriate under any of these provisions.

**A.  Rule 62(b) and Ms. Worth's Motion for a New Trial**

Rule 62(a) states that "[e]xcept as stated in this rule, no execution may issue on a judgment, nor may proceedings be taken to enforce it, until 14 days have passed after its entry." The Court entered its judgment of strict foreclosure on April 9, 2015.  Ms. Worth argues that after 14 days have passed—i.e., April 23, 2015—she may seek a further stay under Rule 62(b) because she has filed a motion for a new trial under Rule 59.  (Mot. to Stay Memo, at 7-9.)

Rule 62(b) states, in relevant part, that "[o]n appropriate terms for the opposing party's security, the court may stay the execution of a judgment—or any proceedings to enforce it—pending disposition of [a motion] under Rule 59, for a new trial or to alter or amend a judgment . . . ."  Thus, under Rule 62(b), the Court *may*—but is not required—to stay execution of the judgment of strict foreclosure until it decides Ms. Worth's motion for a new trial.

Because the Court finds that Ms. Worth is not entitled to a new trial and denies her motion for a new trial, Rule 62(b) does not apply.  There was no trial on liability in this case, because the Court granted BNYM's motion for summary judgment for reasons explained in that ruling. (ECF No. 58.)  Even construing Ms. Worth's motion as one for a new evidentiary

hearing on the judgment of strict foreclosure, the Court denies the motion for a new trial, because it presents the same arguments that she has raised—and this Court has addressed—repeatedly, none of which warrant staying judgment under Rule 62(b).  In particular, Ms. Worth argues that the Court has not been provided with the original Note.  Yet the Court held an evidentiary hearing on precisely this issue.  (*See* this Court's April 7, 2015 Order ("At tomorrow's hearing, the Court will hear argument on the motions that Defendant has filed, along with evidence on Plaintiff's Motion for Judgment of Strict Foreclosure, *including any evidence regarding the original note . . . .*") (emphasis added).)  At the hearing, the Court inspected the Note and made a finding that it was original.  This argument is therefore without merit.

Next, Ms. Worth argues that BNYM did not submit a certified and authenticated original copy of its title search as an exhibit.  Ms. Worth's argument is unclear, and she provides no explanation as to why, even if her allegation were true, it would warrant a new evidentiary hearing, particularly after Ms. Worth did not mention this issue during the repeated opportunities the Court provided her to raise any defenses to the mortgage foreclosure.  In addition, the findings the Court made as to the amount of debt in the judgment of strict foreclosure did not include costs for a title search, thereby further militating against the need for a new hearing on this issue.  (*See* ECF No. 77.)

Finally, Ms. Worth argues a new hearing is warranted simply because "[n]ew discoverable materials as to the existence of the Plaintiff are pending to be certified by the Defendant."  Ms. Worth provides no explanation as to what these new materials are or when she will disclose them, and the Court will not stay judgment and require a new hearing on this basis.  Further, the Court notes that it has extended the discovery deadline more than once and has already repeatedly addressed Ms. Worth's arguments as to BNYM's "existence," i.e., its

standing. The Court addressed this issue in its summary judgment ruling, again in its ruling on Ms. Worth's motions for reconsideration and motions to vacate, and yet again at the evidentiary hearing. Ms. Worth's motion for a new trial is therefore DENIED, and there is thus no basis for staying this proceeding under Rule 62(b).

### B. Rule 62(d)

In her memorandum in support of her motions to stay, Ms. Worth asserts that any stay "should not be conditioned on defendant's posting of a bond, which is unnecessary in this case." (Mot. to Stay Memo, at 10.) Construed liberally, her argument may refer to the posting of a supersedeas bond under Rule 62(d).[1] "A judgment debtor is entitled to a stay pending appeal upon posting a sufficient supersedeas bond." *F.D.I.C. v. Ann-High Assocs.*, No. 97-6095, 1997 WL 1877195, at *1 (2d Cir. Dec. 2, 1997); *see also United States v. Mansion House Ctr. Redevelopment Co.*, 682 F. Supp. 446, 449 (E.D. Mo. 1988) ("With respect to money judgments, Rule 62(d) has been interpreted to mean that an appellant may obtain a stay of the money judgment during the pendency of the appeal as a matter of right by posting an adequate supersedeas bond.") (citing *American Mfrs. Mut. Ins. Co. v. American Broadcasting–Paramount Theatres, Inc.*, 87 S.Ct. 1, 17 (1966)). "The amount of the bond generally includes the principal amount of the judgment, anticipated interest on the judgment, and costs." *Mansion House Ctr. Redevelopment Co.*, 682 F. Supp. at 449 (citing *American Mfrs. Mut. Ins. Co.*, 87 S. Ct. at 3). Ms. Worth has not posted a supersedeas bond or provided any acceptable alternative means of securing the judgment.

---

[1] Rule 62(d) provides:

> Stay with Bond on Appeal. If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.

Because Ms. Worth has failed to provide a bond under Rule 62(d), she is not entitled to an automatic stay under this provision.[2] Yet "[i]n spite of the general requirement that a judgment debtor post a supersedeas bond in the full amount of the judgment . . . the district court, in its discretion, may use equitable principles to grant such a stay without a full bond if the filing of a supersedeas bond would irreparably harm the judgment debtor and, at the same time, such a stay would 'not unduly endanger the judgment creditor's interest in ultimate recovery.'" *Cayuga Indian Nation of New York v. Pataki*, 188 F. Supp. 2d 223, 254 (N.D.N.Y. 2002) (quoting reference omitted). "Because a supersedeas bond is meant to protect the appellee, the '[d]efendant carries the burden of objectively demonstrating the reasons for a departure from the requirement that a party post a supersedeas bond when seeking a stay pending appeal.'" *Ryan v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA.*, No. 3:03-CV-0644, 2010 WL 7863486, at *1 (D. Conn. Nov. 23, 2010) (quoting *Marandino v. D'Elia*, 151 F.R.D. 227, 228 (D.Conn.1993)). "In determining whether to stay a judgment pending appeal, a court must consider '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Indymac Bank, F.S.B. v. Reyad*, 3:00-CV-835, 2008 WL 4457859, at *1 (D. Conn. Oct. 1, 2008) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

---

[2] Most courts have construed Rule 62(d) to apply to money judgments, *see, e.g., Yankton Sioux Tribe v. Southern Missouri Waste Management*, 926 F. Supp. 888, 890 (D.S.D. 1996), and a question remains as to whether the Court's judgment of strict foreclosure constitutes a money judgment. Neither party has addressed this issue. Other courts have found that a mortgage foreclosure is the equivalent of a money judgment for purposes of Rule 62(d). *See, e.g., Mansion House Cntr. Redevelopment Co.*, 682 F. Supp. at 449-50 ("The Court concludes that Rule 62(d) applies to mortgage foreclosure judgments in the same way that it applies to money judgments: the appellant may obtain a stay of a mortgage foreclosure judgment as a matter of right by posting an adequate supersedeas bond (and a full supersedeas bond is the norm), but the Court may waive the requirement of the supersedeas bond."); *United States v. McMahan*, No. V-08-07, 2009 WL 259348, at *3 (S.D. Tex. Feb. 3, 2009) (same). In any event, for the reasons herein, no stay under Rule 62 is warranted, regardless of whether the judgment is considered a money judgment.

The Court does not find that these factors warrant a stay.  First, Ms. Worth has not made a strong showing that she is likely to succeed on the merits of her appeal.  *See United States v. O'Callaghan*, 805 F. Supp. 2d 1321, 1327 (M.D. Fla. 2011) ("The likelihood of success is typically the most important factor.").  As discussed, her motions to stay and notices of appeal raise the same arguments that this Court has repeatedly determined are without merit.  For example, Ms. Worth argues this Court denied her due process and has not "issued a written opinion" on its rulings.  (Mot. to Stay-1, at 1; *see also* Mot. to Stay Memo, at 7-9.)  Yet the Court has repeatedly afforded Ms. Worth the opportunity to raise fully any issues, and has addressed those issues through written rulings on the parties' motions for summary judgment (ECF No. 58) and her multiple motions for reconsideration and to vacate.  (ECF No. 66.)  In addition, the Court afforded Ms. Worth yet another opportunity to raise any additional arguments at the evidentiary hearing on the judgment for strict foreclosure.  Nonetheless, Ms. Worth chose to raise the same issues the Court addressed in its prior rulings and continues to do so in her motions to stay.  Thus, for the reasons set forth in its prior rulings, the Court finds Ms. Worth's arguments without merit and that her likelihood of success on appeal is low.

As to whether Ms. Worth will be injured absent a stay, this factor alone does not warrant a stay.  If the Court were to find otherwise, then any unsuccessful litigant could stay judgment against her simply on the basis that the adverse ruling would harm her interests.  In any event, the other factors weigh against a stay here.

The third factor—whether issuance of the stay will substantially injure the other parties interested in the proceeding—weighs against a stay.  As explained by the Court in its prior rulings, BNYM has proved that it owns the secured debt, that Ms. Worth has defaulted, and that the conditions precedent to foreclosure established by the note are satisfied.  *Bank of New York*

*Mellon v. Bell*, 3:11-cv-1255, 2014 WL 7270232, at *3 (D. Conn. Dec. 18, 2014) (citing *Wells Fargo Bank, N.A. v. Strong*, 149 Conn. App. 384, 392 (2014)) (explaining that a plaintiff must establish these three elements to succeed in a mortgage foreclosure proceeding). Staying this action could substantially injure BNYM's interest in Ms. Worth's property, which it has a right to foreclose on, because it "would leave the judgment subject to the whims of the housing market and [defendant's] willingness to maintain the value of the residence." *O'Callaghan*, 805 F. Supp. 2d at 1325 (finding that bond requirement should not be waived in foreclosure proceeding where defendant merely raised the same arguments the court repeatedly addressed).

Finally, while neither party has addressed the last factor, which involves an evaluation of where the public interest lies, the Court finds no reason that that factor should warrant a stay, and therefore concludes that Ms. Worth has not met her burden of demonstrating that the four factors above warrant a waiver of the bond requirement. Because Ms. Worth has not posted a bond, the Court DENIES a stay under Rule 62(d).

### C. Rule 62(c)

Ms. Worth only addresses briefly whether Rule 62(c)[3] warrants a stay. Construing her argument broadly, she seems to argue that the rule does not warrant a stay because BNYM does not have standing to bring a foreclosure proceeding against her. (Mot. to Stay Memo, at 8.) In

---

[3] Rule 62(c) of the Federal Rules of Civil Procedure states:

> (c) Injunction Pending an Appeal. While an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights. If the judgment appealed from is rendered by a statutory three-judge district court, the order must be made either:
>
> (1) by that court sitting in open session; or
>
> (2) by the assent of all its judges, as evidenced by their signatures.

other words, Ms. Worth appears to raise again the same standing issue the Court has repeatedly addressed and rejected as a basis to argue Rule 62(c) does not warrant a stay.

For the reasons discussed above and in its prior rulings, the Court does not agree with Ms. Worth's reasoning. The Court agrees, however, that Rule 62(c) does not apply, because that rule applies to injunctions, and no injunction is involved here. In any event, Rule 62(c) requires a "bond or other terms that secure the opposing party's rights," neither of which Ms. Worth has provided, and as discussed, the Court does not find that a waiver of the bond requirement is warranted. *See also O'Callaghan*, 805 F. Supp. 2d at 1327 ("A Rule 62(c) stay is a disfavored and extraordinary remedy.").

**D. Rule 62(f)**

Similarly, Ms. Worth argues that Rule 62(f)[4] does not warrant a stay because BNYM has not have standing. (Mot. to Stay Memo, at 8.) The Court agrees that Rule 62(f) does not warrant a stay, but not for that reason.

The Second Circuit has addressed Rule 62(f) and found that it does not create a "per se" automatic stay under Connecticut law; instead, a "fact-based inquir[y]" is required. *F.D.I.C.*, 1997 WL 1877195, at *3-3. "[T]o avoid posting a supersedeas bond a judgment debtor must demonstrate not only (1) that state law entitles it to appeal without a bond and (2) that a judgment can be made a lien against a judgment debtor's property under the state's lien law, but also (3) that the circumstances are such that the judgment creditor can readily establish a lien that will be adequate to secure the judgment. In Connecticut, this will involve the judgment debtor's

---

[4] Federal Rule of Civil Procedure Rule 62(f) states:

> (f) Stay in Favor of a Judgment Debtor Under State Law. If a judgment is a lien on the judgment debtor's property under the law of the state where the court is located, the judgment debtor is entitled to the same stay of execution the state court would give.

disclosure of the value and location of both real and personal property in the state so that the judgment creditor will know where to file the lien and can evaluate the adequacy of its security." *Id.*, at *4.

Although the parties have not addressed the applicability of these factors, it is well-established that a judgment does not automatically create a lien under Connecticut law. *See id.*, at *3-4 (discussing how more than mere "ministerial acts" are needed to make a judgment a lien under Connecticut law). Further, the Second Circuit has explained that the purpose of Rule 62(f) is to provide security to the judgment creditor and promote conformity between state and federal stay proceedings. *Id.*, at *4. Given Rule 62(f)'s purpose, the third factor under this test—the judgment debtor's ability to establish a lien that will be adequate to secure the judgment—is not met, because Ms. Worth has not provided any security warranting a stay. In other words, Ms. Worth has not provided BNYM any security against, for example, waste or other deterioration that could occur at the property during a stay. *See, e.g., O'Callaghan*, 805 F. Supp. 2d at 1329 (declining to grant a stay under Rule 62(f) after judgment of foreclosure by sale because "[r]ather than afford the judgment creditor security, a new lien on the [foreclosed] property is redundant and provides neither new nor full security."). In addition, Ms. Worth has not provided any other property on which BNYM could establish a lien. *See FDIC*, 1997 WL 1877195, at *4 ("Since appellants do not state that they have any property in Connecticut against which appellee can file a judgment lien, appellants are not entitled to a stay under Rule 62(f). Accordingly, their motion [to stay] is denied."). Because allowing a stay in these circumstances would leave the plaintiff-appellee without any more security than it already had by virtue of the mortgage—and thus no security against the possibility of diminution in value of the property—doing so would undermine the purposes of Rule 62(f). The Court therefore DENIES a stay under this provision.

**II.     Conclusion**

For the reasons above, this Court does not find a stay is warranted under the provisions of Rule 62 cited by Ms. Worth.  Accordingly, Ms. Worth's Motions to Stay (ECF Nos. 76, 80) are DENIED, as is her Motion for a New Trial.  (ECF No. 82.)  The Court shall nonetheless issue an interim stay in effect until **May 4, 2015**.  If by **May 4, 2015**, Ms. Worth moves for a stay at the Second Circuit under Rule 8 of the Federal Rules of Appellate Procedure, the interim stay shall remain in effect until the Second Circuit's disposition of her motion.

IT IS SO ORDERED.

/s/
Michael P. Shea, U.S.D.J.

Dated:       Hartford, Connecticut
             April 20, 2015