United States District Court, Connecticut

THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE
FOR THE CERTIFICATE HOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2007-OH1,
MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-OH1
*Plaintiffs/Counterclaim-Complaint Defendant*
v.
KEYIN T. WORTH
*Defendant/Counterclaim-Complaint Plaintiff*

NO.: 3:13-CV-01489-MPS

March 31, 2017

## DEFENDANT/COUNTERCLAIM PLAINTIFF' MOTION TO MAKE ADDITIONAL FACTUAL FINDINGS UNDER FEDERAL RULE OF CIVIL PROCEDURE 52 AND MOTION FOR A NEW TRIAL UNDER FEDERAL RULE OF CIVIL PROCEDURE 59

Pursuant to the Court of Appeal Second Circuit Rule and Federal Rule of Civil Procedure 52, the undersigned, hereby, is allowed by rights and due process, moves to make additional factual findings on ground that this instant action was adjudicated without a jury and was adjudicated without a trial but only one hearing and was adjudicated based on partial findings. Simultaneously, pursuant to Federal Rule of Civil Procedure 52(b), the undersigned moves to request a new trial under Federal Rule of Civil Procedure 59.

Pursuant to Connecticut General Statutes Sections 33-637(a). 33-647(1), 35-1 and 52-123, because there is no evidence in the record that the above captioned Plaintiff ever registered as a trade name or a legal entity pursuant to Section 35-1, the Undersigned, hereby, make additional factual findings of the above captioned Plaintiff's legal entity status of being legally registered with the Secretary of the State of Connecticut.

## SUPPORTING MEMORANDUM OF LAW UNDER FEDERAL RULES OF CIVIL PROCEDURE 52 and 59

STATEMENT OF FACT

This District Court is familiar with the legal proceeding history of this instant action; therefore, the Undersigned will omit.

LEGAL ARGUMENT

*UNDER CONNECTICUT GENERAL STATUTES SECTION 33-617(a)*

Connecticut General Statutes Section 33-617(a), "A corporation exists only after the filing of the certificate of incorporation with the Secretary of the State." Hence, without filing such certificate of incorporation, an entity has no legal status as a corporation.

*UNDER CONNECTICUT GENERAL STATUTES SECTION 33-647(1)*

Connecticut General Statutes Section 33-647(1), "Corporations are legally authorized by statute to sue."

*UNDER CONNECTICUT GENERAL STATUTES SECTION 35-1*

Connecticut General Statutes Section 35-1 requires any person wishing to transact business in Connecticut "under any assumed name, or under any designation name or style, corporate or otherwise, other than the real name or name of the person or persons conducting or transacting such business" to file "in the office of the town clerk in the town in which such business is or is to be conducted or transacted, a certificate stating the name under which such business is or is to be conducted or transacted and the full name and post-office address of each person conducting or transacting such business."

In re *Pagano*, 87 Conn. App. At 480, as the Connecticut Appellate Court noted:

> "As court filings are a matter of public record, we cannot conclude that no harm would come to the public by permitting legal entities to commence actions

under fictitious names, as court documents are another means by which the public may ascertain the identity and the character of those with whom they do business."

***UNDER CONNECTICUT GENERAL STATUTES SECTION 52-123***

"Connecticut General Statutes Section 52-123, cannot create subject-matter jurisdiction over an action that was *void ab initio*." *Coldwell Banker Manning Realty, Inc. v. Cushman& Wakefield of Connecticut, Inc., ET AL*, 136 Conn. App. 683 (App. Ct 2012).

CONCLUSION

*WHEREFORE*, for the above reasons, these Motions should be granted because, pursuant to Connecticut General Statutes Sections 33-637(a). 33-647(1), 35-1 and 52-123, there is no evidence in the record that the above captioned Plaintiff ever registered as a trade name or an legal entity, hence, pursuant to the Court of Appeal Second Circuit Rule and Federal Rules of Civil Procedure 52 and 59 the Undersigned moves to make additional factual findings of the above captioned Plaintiff's legal entity status of being legally registered with the Secretary of the State of Connecticut and moves for a new trial.

Respectfully submitted,
By___/s/ Keyin Worth /s/___

KEYIN T. WORTH, *Sui Juris*
11 Village Drive
Wolcott, CT 06716
(203) 879-0568

# CERTIFICATION

I, hereby, certify that on March 31, 2017, a copy of the foregoing was filed electronically, and, a copy of the foregoing has been electronically mailed to the following:

chris.picard@mccalla.com
Mr. Christopher Picard
50 Weston Street
Hartford, CT 06120

____/s/___Keyin Worth /s/____
KEYIN T. WORTH, *Sui Juris*